UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AVIA LEE                                                    CIVIL ACTION

VERSUS

MAINTENANCE ENTERPRISES,
LLC, ET AL                                                  NO.: 18-00277-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 8)** filed by Defendant, Thorpe Plant Services, Inc. ("Thorpe") and the **Motion to Dismiss (Doc. 14)** filed by Defendant, Maintenance Enterprises, LLC ("MEI"). Defendants seek a dismissal of the claims brought by Plaintiff, Avia Lee under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff filed an Opposition to the Motion to Dismiss filed by Thorpe. (Doc. 13). Thorpe then filed a Reply. (Doc. 19). In response, Plaintiff filed a Sur-Reply. (Doc. 23). Plaintiff did not oppose MEI's Motion to Dismiss. The Court has jurisdiction under 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, the **Motions to Dismiss (Docs. 8, 14)** are **GRANTED**.

### I. BACKGROUND

On January 5, 2015, Plaintiff began her employment, working in a "firewatch area," with MEI. (Doc. 1 at ¶¶ 5, 12). Plaintiff claims that she was subjected to menial labor after she complained about a male employee's conduct for drawing a penis on her clothes. (*Id.* at ¶¶ 9–10, 21–23). On May 20, 2015, MEI terminated Plaintiff's

1

employment allegedly because of her complaints of sexual harassment. (Doc. 13-2 at p. 4; Doc. 1 at ¶ 24).

On August 24, 2015, Plaintiff began working for Thorpe, which operates at the same plant as MEI. (Doc. 8-1 at p. 3). However, on September 3, 2015, allegedly at the request of MEI, Thorpe terminated Plaintiff's employment. (*Id.*; Doc. 1 at ¶¶ 14–16).

Thereafter, Plaintiff filed three charges with the Equal Employment Opportunity Commission ("EEOC").[1] On August 31, 2015, the EEOC received Charge Number 443-2015-00998 filed against MEI ("MEI-0998") for discrimination based on race and sex. (Doc. 13-2 at p. 6). On September 25, 2015, the EEOC received Charge Number 443-2015-01453 also filed against MEI ("MEI-1453") based on retaliation. (Doc. 13-2 at p. 4). Likewise on September 25, 2015, the EEOC received Charge Number 443-2015-01454 filed against Thorpe ("Thorpe-1454") based on retaliation. (Doc. 8-1 at p. 3). The EEOC closed the file on Thorpe-1454, and mailed the Notice of Suit Rights on November 13, 2017. (Doc. 8-2). The EEOC closed the file on MEI-1453 and MEI-0998, and mailed both of the Notice of Suit Rights on December 20, 2017. (Doc. 13-2 at pp. 2, 8).

---

[1] Plaintiff did not attach her EEOC charges to her complaint. In support of Defendants' motions to dismiss, Defendants attached a copy of the EEOC charges. (Docs. 8-1, 13-2). "Generally, courts may not consider matters outside of the pleadings when considering a motion to dismiss. However, when ruling on a Rule 12 motion, a court may take judicial notice of documents in the public record, including EEOC charges." *Williams v. Otis Elevator Co.*, 2013 WL 12109506, at *1 n. 1 (M.D. La. May 9, 2013), *aff'd*, 557 F. App'x 299 (5th Cir. 2014) (quotations and internal citation omitted). Furthermore, documents attached by a defendant to a Rule 12(b)(6) motion "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Plaintiff specifically references her EEOC charges in her complaint, and such charges are essential to her Title VII and LEDL claims. (Doc. 1 at ¶ 4). Thus, the Court will consider the EEOC charges in considering this motion.

On March 11, 2018, Plaintiff filed suit against MEI and Thorpe for discrimination and retaliation. (Doc. 1). In her complaint, she alleges that she was harassed based on her sex, that she was treated disparately based on her race, and that she was terminated for complaining about workplace harassment. (*Id.* at ¶¶ 21–38). Particularly, Plaintiff asserts claims for retaliation and discrimination based on race and sex against MEI under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") and the Louisiana Employment Discrimination Law ("LEDL"), La. Rev. Stat. § 23:301. (*Id.*). Plaintiff asserts claims for retaliation against Thorpe under Title VII and the LEDL. (*Id.*).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the

complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

III. DISCUSSION

In support its motion, MEI argues that Plaintiff's claims under the LEDL are time-barred because Plaintiff did not file her lawsuit within eighteen months, which is the maximum prescriptive period set forth in Louisiana Revised Statute §23:303(D), of the last discriminatory conduct. (Doc. 14-1 at pp. 2–3). In its motion, however, MEI does not seek a dismissal of Plaintiff's Title VII claims. (Doc. 14).

Similarly, Thorpe argues that Plaintiff's LEDL claim should be dismissed because she failed to file suit within eighteen months after her termination. (Doc. 8 at p. 1). Thorpe further argues that Plaintiff's Title VII claim should be dismissed because she failed to file suit within 90 days of receipt of the notice of right-to-sue letter. (*Id.*).

A. LEDL Claims Against MEI and Thorpe

Pursuant to Louisiana law, a claim of discrimination is a delictual action "subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code Ann. art. 3492; *Eastin v. Entergy Corp.*, 2003-1030 (La. 2/6/04), 865 So.2d 49, 53. However, "this one-year

4

period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal [EEOC] . . . . No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months." La. Rev. Stat. § 23:303(D). As the Supreme Court of Louisiana has noted, "it is well settled that the damage is sustained in any employment discrimination case at the earlier of the date the employee is informed of his termination or his actual separation from employment." *Eastin*, 865 So. 2d at 53–54.

Here, Plaintiff conceded that her LEDL claims against MEI and Thorpe could not proceed. (Doc. 13-1 at p. 1). Plaintiff's most recent claims under LEDL arose from her termination by MEI on May 20, 2015 and Thorpe on September 3, 2015. Even applying the six month suspension provision to the instant case, Plaintiff should have filed suit against MEI and Thorpe before November 20, 2016 and March 3, 2017, respectively. Plaintiff did not file suit until March 11, 2018, well passed the eighteen month maximum prescriptive period. Therefore, Plaintiff's LEDL claims against MEI and Thorpe are dismissed with prejudice.

### B. Title VII Claims against Thorpe[2]

Plaintiff argues that her Title VII claims against Thorpe are timely and should proceed because she filed suit within 90 days of receipt of the right-to-sue letters, which she claims to have received on or about December 20, 2017. (Doc. 1 at ¶ 4). Plaintiff further argues that she only received two notice of right-to-sue letters, which

---

[2] As previously provided, MEI does not seek a dismissal of Plaintiff's Title VII claims against it.

were MEI-1453 and MEI-0998; and that she did not receive a notice of right-to-sue letter for Thorpe-1454. (Doc. 13-1 at pp. 2–3).

To file suit under Title VII, a plaintiff must file a charge of employment discrimination with the EEOC or state administrative agency within 300 days of the occurrence of the alleged discriminatory conduct. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). "[The United States Court of Appeals for the Fifth Circuit] has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "Exhaustion [of administrative remedies] occurs when the plaintiff files a timely charge with the EEOC and *receives* a statutory notice of right to sue." *Taylor*, 296 F.3d at 379; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Title VII provides that claimants have 90 days to file a civil action after receipt of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.20 379, 381 (5th Cir. 1982) (citing 42 U.S.C. §2000e-5(f)(1) (1994)). From the date of receipt, the 90 day requirement is "strictly construed." *Taylor*, 296 F.3d at 379.

Nonetheless, when the exact date of receipt of a right-to-sue letter is disputed or unknown, the Court may presume that the claimant received it between three and seven days after the letter was mailed, unless the claimant, through no fault of her own, failed to receive the letter, or the claimant presents some other equitable reason for tolling the statute. *Taylor*, 296 F.3d at 376; *Bowers v. Potter*, 113 F. App'x. 610,

6

613 (5th Cir. 2004); *see also Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).

Here, the notice of right-to-sue in Thorpe-1454 was mailed on November 13, 2017. (Doc. 8-2). Plaintiff asserts that she never received that notice of right-to-sue letter (Thorpe-1454). (Doc. 23). As evidence, Plaintiff attached an affidavit providing same, as well as email correspondence containing a screenshot of an email between the EEOC and Plaintiff, which screenshot does not reference Thorpe-1454. (Doc. 13-3). The Court finds that neither document is sufficient to rebut the "presumption of receipt" rule. Plaintiff conceded in her complaint that she exhausted administrative remedies because she "received a right to sue letter on or about December 20, 2017 and has filed suit within ninety (90) days of receiving her right to sue letter." (Doc. 1 at ¶ 4). However, in her oppositions, Plaintiff denied that she had ever received the Thorpe-1454 right-to-sue letter, and her exhibits do not corroborate that assertion. (Docs. 13, 13-3, 23).

The Court is not persuaded that Plaintiff has established that, through no fault of her own, she failed to receive the letter, nor has she presented some other equitable reason for tolling the statute. Therefore, because Plaintiff has failed to allege the specific date for which she actually received the right-to-sue letter and the date the letter was received is unknown, a presumption of receipt is appropriate.

Even if the Court were to apply the maximum number of days that courts have allowed under the presumption of receipt doctrine, *i.e.* seven days after the EEOC mailed the letter, Plaintiff's claim is untimely. The EEOC mailed a right-to-sue letter

7

for Thorpe-1454 on November 13, 2017, and Plaintiff does not allege in her complaint that the letter was improperly sent. Thus, a presumption arises that Plaintiff received the right-to-sue letter, at the latest, on November 20, 2017. She therefore had until February 18, 2018 to file suit. Because Plaintiff did not file her complaint until March 11, 2018, her Title VII claim against Thorpe is dismissed with prejudice.

IV. CONCLUSION

Accordingly,

IT IS ORDERED that Thorpe's **Motion to Dismiss (Doc. 8)** is **GRANTED**. The claims brought by Plaintiff, Avia Lee, against Defendant, Thorpe, under LEDL and Title VII are **DISMISSED, WITH PREJUDICE**.

IT IS FURTHER ORDERED that MEI's **Motion to Dismiss (Doc. 14)** is **GRANTED**. The claims brought by Plaintiff, Avia Lee, under LEDL against Defendant, MEI, are **DISMISSED, WITH PREJUDICE**. Plaintiff's Title VII claims for (1) discrimination based on race (disparate treatment), (2) retaliation for complaining about harassment, and (3) retaliatory discharge for complaining about workplace harassment against MEI remain in this action.

Baton Rouge, Louisiana, this 12th day of July, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA